**Orton v. Motorists Insurance Co.**

570

C.P. of Washington County, nos. 94-949, and 93-2361.

*Susan M. Key,* for plaintiff.
*Thomas A. Lonich,* for defendants.

GILMORE, *J.,* March 13, 1996—This matter is before the court on plaintiffs' request for declaratory judgment following the defendant insurer's denial of coverage and a legal defense for plaintiff in an underlying

action filed in the Court of Common Pleas of Washington County at no. 93-2361 in which the instant plaintiff is listed as a defendant.

The complaint in the underlying action alleges that on or about February 27, 1988, the instant plaintiff entered into a contract to construct a drainage pipe approximately 400 feet long with abutment walls and manhole access. It was alleged that areas of the pipe collapsed causing the plaintiffs in the underlying action to suffer property damage in the nature of costs to investigate the drainage problem and possible solution and costs to repair the collapsed drainage pipe.

Upon learning of the underlying civil action, the instant plaintiff provided notice to defendant, Motorists Insurance Company, plaintiff's commercial general liability insurer, to provide coverage for the underlying litigation. The defendant insurer denied coverage and a legal defense by letter dated September 24, 1993, citing various policy exclusions for the denial.

Plaintiff then filed this declaratory judgment action pursuant to the Declaratory Judgments Act §7531 et seq. to determine a question of actual controversy. A hearing was held on February 10, 1996 and the parties supplied memoranda of law on the issue of defendant's duty to defend and indemnify plaintiff in the underlying action.

The insurance policy in question provides in section I:

"(a) [Insurer] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend any 'suit' seeking those damages . . . .

"(b) This insurance applies to 'bodily injury' and 'property damage' only if:

"(1) The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the coverage territory."

The policy also contains several exclusions to coverage for which the policy does not apply. Among those exclusions are the following:

"(k) 'property damage' to 'your product' arising out of it or any part of it.

"(1) 'property damage' to 'your work' arising out of it or any part of it and included in the 'product's completed operations hazard.'

"(m) 'property damage' to 'impaired property' or property that has not been physically injured, arising out of:

"(1) A defect deficiency, inadequacy or dangerous consideration in 'your product' or 'your work'; or

"(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

"This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to 'your product' or 'your work' after it has been put to its intended use.

"(n) Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

"(1) 'your product';

"(2) 'your work'; or

"(3) 'impaired property';

"if such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it."

Section V of the policy supplies definitions for the following relevant terms:

"(5) 'Impaired property' means tangible property other than 'your product' or 'your work,' that cannot be used or is less useful because:

"(a) It incorporates 'your product' or 'your work' that is known or thought to be defective, deficient, inadequate or dangerous; or

"(b) You have failed to fulfill the terms of a contract or agreement;

"(if) such property can be restored to use by:

"(a) The repair, replacement, adjustment or removal of 'your product' or 'your work'; or

"(b) Your fulfilling the terms of the contract or agreement.

"(9) 'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

"(15) 'Your work' means:

"(a) Work or operations performed by you or on your behalf; and

"(b) Materials, parts or equipment furnished in connection with such work or operations.

" 'Your work' includes:

"(a) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work'; and

"(b) The providing of or failure to provide warnings or instructions."

Plaintiff contends that the nexus of the underlying lawsuit is an occurrence consisting of the collapse of the pipe which was an accident, and that the dissatisfaction with the plaintiff's work which gave rise to the underlying action did not occur until the pipe collapsed. This, the plaintiffs contend, falls within the definition of occurrence, and the resulting damage from this occurrence should therefore be covered by the insurance policy.

Plaintiff next argues that the underlying action does not fall within any exclusions to coverage found within the insurance contract. Plaintiff admits that the complaint in the underlying action for which he is seeking indemnity and defense is a contract claim alleging breach of the warranty of quality of workmanship. However, the plaintiff argues that there is no evidence of faulty or defective workmanship, and that this is a factual question for the jury. Therefore, defendant has a duty to defend which is distinct from the ultimate question of indemnity.

It is true that the duty of an insurer to provide a legal defense to its insured under a general liability policy is distinct from its ultimate duty to indemnify. *D'Auria v. Zurich Insurance Co.,* 352 Pa. Super. 231, 233, 507 A.2d 857, 859 (1986). However, to determine if the insurer has a duty to defend, the court must look at the facts alleged in the complaint and ask whether the policy would provide coverage *if* those facts were true. *Id.* at 234, 507 A.2d at 859. If the complaint states a claim on its face for which the policy potentially applies, the insurer has an obligation to provide a legal

defense for the insured. *Id.* "It is the face of the complaint and not the truth of the facts alleged therein which determines whether there is a duty to defend." *Id.* at 235, 507 A.2d at 859.

Here the underlying complaint requests damages for the replacement and repair to property for research, redesigning and investigation expenses as a result of plaintiff's alleged breach of contract and negligence in preparing, excavating and constructing the project and the foundation in connection with the 400 foot drainage pipe.

In *Gene & Harvey Builders Inc. v. Pennsylvania Manufacturers' Association Insurance Company,* 512 Pa. 420, 517 A.2d 910 (1986) the Pennsylvania Supreme Court interpreted insurance policy exclusions and a definition of occurrence similar to the policy at issue. In *Gene & Harvey Builders,* the complaint in the underlying litigation alleged that a contractor performed negligently and in an unworkmanlike fashion in the construction of a house. Although the court in *Gene & Harvey Builders* determined that there was no "occurrence" under the policy because some of the alleged conduct was intentional (which is not the case here), the court also found that the exclusions in the policy precluded coverage. *Id.* at 427, 517 A.2d at 913.

The policy exclusions at issue in *Gene & Harvey Builders* excluded coverage as follows:

"(n) property damage to the named insured's products arising out of such products or any part of such products;

"(o) property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or

equipment furnished in connection therewith;" *Id.* at 425, 517 A.2d at 912.

Those exclusions are virtually identical to exclusions "k" and "l" in the policy at issue. The drainage pipe and the excavation included with the drainage pipe is plaintiff's product and work. The complaint alleges property damage to the product and plaintiff's work arising out of plaintiff's product and work. Coverage is precluded by exclusions "k" and "l" of the policy. Additionally, the complaint alleges property damage to "impaired property" arising out of a deficiency in plaintiff's work or his failure to perform a contract in accordance with its terms which is excluded by exclusion "m" in the policy. "A liability policy excluding damage to any goods or products made or sold by the insured or for 'work completed by or for' [the insured] does not insure any obligation of the policyholder to repair or replace [its] own defective work or product." *Ryan Homes Inc. v. Home Indemnity Co.,* 436 Pa. Super. 342, 349, 647 A.2d 939, 942 (1994) (quoting 43 Am. Jur. 2d, *Insurance* §719).

The facts alleged in the underlying complaint, even if true, do not constitute claims which would be potentially covered by the policy. Therefore, the defendant insurer has no duty to defend the plaintiff in the underlying action and no actual controversy exists to substantiate the declaratory judgment action.


ORDER


And now, March 13, 1996, after hearing and based upon memoranda filed and the above opinion, there is no actual controversy and the plaintiff's action in declaratory judgment is dismissed.